UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fred Smith, III, | ) C/A No. 8:09-1506-HFF-BHH |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Bill Blanton, Sheriff, Cherokee County Detention Center, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was submitted to the Court *pro se* by a person who, at the time of filing, was being involuntarily, but civilly, detained in a South Carolina county detention center.[1] At the time this case was filed, Fred Smith, III (Petitioner) was being housed at the Cherokee County Detention Center awaiting an evaluation to determine whether or not he should be civilly committed under South Carolina's sexually violent predator act (SVP Act or the Act).

Petitioner states that he completed his criminal sentence, but instead of being released to the street, he was taken directly from prison to the detention center.[2] He

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] A petitioner may satisfy the "in custody" requirement for habeas corpus relief if he or she can show that there are impediments significantly restraining his or her liberty to do those things that free persons are entitled to do. *See Walker v. State of N. C.*, 262 F. Supp. 102, 105 ( W.D. N.C. 1966) (petitioner must show that he suffers from a restraint "not shared by the public generally"). Where those impediments are not the result of a state criminal conviction and sentence, such as in the pre-trial detainee and/or involuntary civil commitment of mental evaluation/treatment areas, the federal habeas corpus statute to be applied is 28 U.S.C. § 2241. *See, e.g.*, *U. S. v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (pretrial detainee area); *Miller v. Blalock*, 356 F. 2d 273 (4th Cir. 1966)(involuntary commitment for mental treatment).

claims that he has been held there waiting to be "evaluated" for over seven months. It is unclear from the allegations in the Petition whether or not the probable cause determination required under S. C. Code Ann. § 44-48-80 (Supp. 2006) has been completed or begun or whether any other state court proceedings relative to his potential SVP status have been conducted and/or completed. However, it is noted that Petitioner recently submitted a change of address to the Clerk of Court and it appears that he is no longer being housed at the Cherokee County Detention Center. It is possible that his SVP process has now progressed further along than it was when the Petition was submitted.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d

70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case pursuant to § 2241 is subject to summary dismissal.

Any person seeking federal habeas corpus relief must first exhaust any state court remedies that are available to them. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270 (1971); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973)(citing *Braden*). Such considerations should not be dispensed with lightly. It is well settled that a writ of habeas corpus will not issue if there is another adequate remedy available to the petitioner for the problems asserted. *See Bland v. Rodgers*, 332 F. Supp. 989, 991 (D.C. D. C. 1971) (motion to dismiss indictment in pending criminal case was adequate remedy; petition partially dismissed).

This § 2241 case is subject to summary dismissal without service on Respondent because the Petition does not show that Petitioner fully exhausted the state remedies available to him to test the legally of his civil confinement before submitting his habeas petition to this Court. The South Carolina SVP Act (S.C. Code Ann. § § 44-48-10 through 44-48-170) provides for certain steps such as a "probable cause" determination by a state

civil judge and an evaluation by professional specialists, § 44-48-80 , and the opportunity for the civilly committed person, through appointed counsel, to challenge "at trial" any unfavorable results of the evaluation before a state civil judge.  S.C. Code Ann. § 44-48-90. Additionally, if the civilly committed individual does not prevail at the civil trial level, the state of South Carolina also provides appellate judicial review of findings made by the civil trial judge under the Act.  *See Care & Treatment of Beaver, V. State*, 642 S.E. 2d 578 (S.C. 2007); *White v. State*, 649 S.E. 2d 172 (S.C. Ct. App. 2007).  Although, as previously stated, the level of evaluation under the SVP Act where Petitioner is at this time is not clear, and although it is possible that the exact statutory time lines provided for the various steps in the process might not have been strictly satisfied in Petitioner's case up to this point, it does appear clear that Petitioner has not proceeded through all available state court remedies relative to his SVP status at this point.

Moreover, there is no showing of  "special circumstances" justifying the provision of federal review at this stage of the state court proceedings.  *Dickerson*, 816 F.2d at 224-26; *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).  While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention.  *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975).  Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown.  *Id.*; *see also Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979)  (double jeopardy claim entitled to pretrial habeas intervention since "the very constitutional right claimed ... would be violated" if  petitioner were forced to go to trial).  Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent.  *Moore*, 515 F.2d at 449.  Since Petitioner can

pursue his claims in state court both during and after trial, he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from his current confinement. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971). Petitioner is, therefore, precluded from federal habeas relief at this time, and his § 2241 Petition should be dismissed. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D. N.C. 1981)("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2241 Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent due to lack of exhaustion of state remedies. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 11, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).